Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN BOCCHINFUSO individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WONDERFUL COMPANY LLC<br><br>Defendant. | Case No. 2:24-cv-04975<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now come the Plaintiffs, Gwen Bocchinfuso ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her Class Action Complaint against the Defendant, THE WONDERFUL COMPANY LLC, ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8 *et seq.* resulting from the illegal actions of Defendant, in selling adulterated products. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and

experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. This Court has jurisdiction based on Defendant's removal of the action pursuant to 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which members of the class are citizens of a State different from the Defendant.

3. This court has personal jurisdiction over Defendant, because Defendant does business within the State of California and County of Los Angeles

## PARTIES

4. Plaintiff Gwen Bocchinfuso is an individual who resides in New Jersey.

5. Defendant is a Delaware corporation, whose principal place of business is located in Los Angeles, California.

6. At all times relevant hereto, Defendant was engaged in the marketing and sale of bottled water.

## FACTS COMMON TO ALL COUNTS

7. Defendant advertises, markets, sells, and distributes bottled water throughout Illinois and the United States.

8. During the Class Period Defendant sold Fiji bottled water (the "Products") that contained manganese and several strains of bacteria, rendering them adulterated.[1]

---

[1] *Fiji Water Bottles Sold on Amazon Recalled*, USA Today (May 29, 2024), https://www.usatoday.com/story/money/food/2024/05/29/fiji-water-bottles-amazon-recalled/73899911007/.

2

9. Exposure to high levels of manganese can lead to manganese toxicity which results in psychiatric abnormalities.[2]

10. Exposure to bacteria may cause bacterial infections that negatively affect the health of persons exposed[3].

11. Manganese and bacterial contamination is a material concern to Plaintiff and other reasonable consumers.

12. Bottled water labeling and content regulations are proscribed by 21 C.F.R. § 165.110

13. 21 C.F.R. § 165.110 states that bottled water containing a substance at a level considered injurious to health under section 402(a)(1) of the Federal Food, Drug, and Cosmetic Act (the act), or that consists in whole or in part of any filthy, putrid, or decomposed substance, or that is otherwise unfit for food under section 402(a)(3) of the act is deemed to be adulterated, regardless of whether or not the water bears a label statement of substandard quality prescribed by paragraph (c) of this section.

14. The levels of Manganese and bacteria found the Defendant's products were determined to be at a level potential injurious to health, and as a result the Products are in the process of being recalled.

15. New Jersey law prohibits the sale of adulterated products. N.J. Stat. Ann. § 24:5-1.

16. The following picture includes an example of a contaminated Product received by Plaintiff Bocchinfuso:

---

[2] StatPearls, Manganese Toxicity, *StatPearls* (StatPearls Publishing, 2024), https://www.ncbi.nlm.nih.gov/books/NBK560903/.
[3] R. G. Pearl et al., Anesthesia in the Time of COVID-19, *J. Cardiothorac. Vasc. Anesth.* vol. 34, no. 9 (2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7149789/.



17.     Plaintiff Bocchinfuso orders approximately eight cases of the Products per month from Amazon.com. Plaintiff's most recent order of the Products occurred on or about February 26, 2024. Plaintiff received the contaminated bottles in one of her monthly orders occurring during or about January or February 2024.

18.     Persons, like Plaintiffs herein, have an interest in purchasing products that are not adulterated.

19.     Therefore, Plaintiffs has been deprived of their legally protected interest to obtain unadulterated consumer products in from their purchases.

20.     As a result of Defendant's sale of adulterated Products, Plaintiffs and the Classes have not received the benefit of the bargain they paid money for, namely that the Products would not be adulterated and could be consumed safely.

21. Plaintiffs and the Class Members have suffered an ascertainable loss of money as a result of receiving adulterated products, as those Products are not worth the money Plaintiffs paid for them.

22. Plaintiffs were unaware that the Products were adulterated when they purchased them.

23. As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Lost money; and

    b. Wasting Plaintiffs' time;

## CLASS ALLEGATIONS

24. Plaintiffs brings this action on behalf of themselves and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased adulterated Products from Defendant within six years prior to the filing of the Complaint through the date of class certification.

25. Plaintiffs also brings this action on behalf of themselves and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of New Jersey who purchased adulterated Products from Defendant within six years prior to the filing of the Complaint through the date of class certification.

26. The Class and the Sub-Class satisfy all of the requirements for maintaining a class action, specifically:

    a. Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there

      are hundreds, if not thousands of individuals in the United States and the State of New Jersey who purchased the products within the applicable statute of limitations period.

b.   There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.   Whether the Products are adulterated;

    ii.   Whether the Class and Sub-Class members were informed that the Products were adulterated when they purchased them;

    iii.   Whether Defendant's conduct was unfair and deceptive;

    iv.   Whether there should be a tolling of the statute of limitations; and

    iv.   Whether the Class and Sub-Class members are entitled to restitution, actual damages, treble damages, and attorneys' fees and costs.

c.   Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.   Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.   Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Class.

   f. This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

   g. This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

   h. Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

27. Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28. The size and definition of the Class and Sub-Class can be identified by Defendant's own records, and the records of retailers of Defendant's Products.

## COUNT I
## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J.S.A. 56:8 *et seq.*

29. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 27 above as if fully reiterated herein.

30. Plaintiffs are both a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as they are both natural persons

31. Defendant is a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as it is a company and a business entity and/or association.

32. N.J. Stat. Ann. § 56:8-2 states:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

33. Through its sale of the adulterated Products, Defendant engaged in a commercial practice that is unconscionable and abusive, and has therefore engaged in an unlawful practice.

34. N.J. Stat. Ann. § 56:8-19 states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit

35. Defendant failed to comply with the requirements of the NJCFA, including, but not

limited to, N.J. Stat. Ann. § 56:8-2 as to the Class and Sub-Class members with respect to the above-alleged transactions

36.     By reason thereof, Plaintiffs are entitled to a judgment against Defendant, declaring that Defendant's conduct violated N.J. Stat. Ann. § 56:8-2, and awarding actual damages, treble damages, injunctive relief, costs, and attorneys' fees.

## COUNT II
## Violation of the California False Advertising Act
## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

37.     Plaintiff incorporates by reference each allegation set forth above in Paragraphs 1-36 as if fully articulated herein.

38.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

39.     Defendant misled consumers by making misrepresentations about the Class Products, namely, Defendant sold the Products that were fraudulently labeled, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

40.     Specifically, Defendant sold Natural Artesian Water Products which

9

were adulterated.

41. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

42. As a direct and proximate result of Defendant's misrepresentations, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations regarding the Products, namely that the Products would not be adulterated and would be fit to drink. In reasonable reliance on Defendant's misrepresentations, Plaintiff and other Class Members purchased the Products. In turn Plaintiff and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

43. Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

44. Defendant knew that the Class Products were adulterated.

45. Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that contained false and misleading statements.

46. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their

false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

### COUNT III
### Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

47. Plaintiff incorporates by reference each allegation set forth above in paragraphs 1-36 as if fully articulated here in.

48. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

49. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits

attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

50. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

51. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them fraudulently labeled products (Class Products). Thus, Defendant's conduct has caused substantial injury to Plaintiff and the Class

52. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Products would be premium, in order to induce them to spend money on said Class Products. In fact, knowing that Class Products, by their objective terms were adulterated unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from this feature is nonexistent, when this is typically never the case. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

53. Finally, the injury suffered by Plaintiff and members of the Class are not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented the qualities of Class Products consumers would

receive, the Plaintiff and Class Members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products adulterated. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase products containing fraudulent labels. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

54. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

55. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

56. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

57. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they were not adulterated and fit to drink. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

58. As explained above, Defendant deceived Plaintiff and other Class

Members by fraudulently labeling the Class Products.

59. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

60. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

61. As explained above, Defendant deceived Plaintiff and other Class Members by labeling the Products as natural drinking water when the products were adulterated.

62. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class and Sub-Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.

63. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*

64. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## COUNT IV
## VIOLATIONS OF CONSUMER LEGAL REMEDIES ACT
## (Cal. Bus. & Prof. Code §§ 1750 *et seq.*)

65. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 36 above as if fully reiterated herein.

66. Defendants' actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770, to the extent that Defendants violated the following provisions of the CLRA:

a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have; Cal. Civ. Code § 1770(5);

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; Cal. Civ. Code § 1770(7);

c. Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

e. Representing that the subject of a transaction has been supplied in

accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

67. As a result of Defendant's violations of the CLRA as stated above, Plaintiff and the class members are hereby entitled to injunctive relief.

## MISCELLANEOUS

68. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevails on any of their claims in this action.

RESPECFULLY SUBMITTED,

GWEN BOCCHINFUSO

Dated:  June 13, 2024

By:  /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff